465 So.2d 685 (1985)
STATE of Louisiana
v.
Naomi D. WATSON.
No. 84-KK-2017.
Supreme Court of Louisiana.
April 1, 1985.
*686 Thomas W. Davenport, Jr., Davenport, Files & Kelly, for defendant-applicant.
William J. Guste, Atty. Gen., Barbara Rutledge, Glen D. Petersen, Asst. Attys. Gen., James A. Norris, Jr., Dist. Atty., Earl Cox, Asst. Dist. Atty., for plaintiff-respondent.
WATSON, Justice.
Naomi D. Watson was subpoenaed from Dallas County, Texas, to testify before the Ouachita Parish grand jury. On September 27, 1984, she refused to testify and was ordered to do so in open court. Upon her failure to comply, the court found her guilty of constructive contempt.[1]
On September 28, 1984, there was a hearing on the contempt issue. Ms. Watson and her attorney both testified that she had been advised by counsel not to testify despite the possible penalty. Referring to a conversation with prosecutor Petersen, defendant stated:
"... I felt severely intimidated by the talk that you and I had before. You practically said that you thought that I was guilty and that if you even thought I said anything to the Grand Jury that .. sounded like it was not true to you, that you would have me up on perjury charges. And frankly, sir, I was afraid." (Tr. 48)
Later, she added:
"That was ... that was the reason for my first refusal and after I had talked to counsel and had told him essentially the same thing, that I felt intimidated, I felt like that your mind was made up and that, you know, you were going to hang me, no matter what, that I preferred not to and it was his advice that I not. And... but consider also the fact that I had not ... we had not had a chance to talk together except for about a half an hour or so beforehand." (Tr. 50)
The court concluded that defendant was guilty of direct rather than constructive contempt. Bond on the contempt charge was set at $5,000.
After the Court of Appeal denied a writ, citing State v. Rodrigues, 219 La. 217, 52 So.2d 756 (La., 1951), a writ was granted by this court to decide whether defendant's contempt was direct or constructive. State v. Watson, 460 So.2d 1049 (La., 1984).
LSA-C.Cr.P. art. 21 defines direct contempt as:
"A direct contempt of court is one committed in the immediate view and presence of the court and of which it has personal knowledge; or, a contumacious failure to comply with a subpoena, summons or order to appear in court, proof of service of which appears of record; or, a contumacious failure to comply with an order sequestering a witness."
Constructive contempt is any other contempt. LSA-C.Cr.P. art. 23. The penalties are the same, LSA-C.Cr.P. art. 25,[2] but the procedures differ. LSA-C.Cr.P. arts. 22[3] and 24.[4]
*687 In Rodrigues the defendant refused to answer a question before the grand jury. Then, in court, defendant was asked whether he would answer the question and said he would not answer, despite being granted immunity and threatened with contempt. He was held to be in direct contempt. Ms. Watson's refusal to testify was not "in the immediate view and presence of the court"[5] and thus differs from that in Rodrigues. Moreover, Rodrigues antedates Harris v. United States, 382 U.S. 162, 86 S.Ct. 352, 15 L.Ed.2d 240 (1965), which held that the Rodrigues situation does not constitute direct contempt of court. See United States v. Wilson, 421 U.S. 309, 95 S.Ct. 1802, 44 L.Ed.2d 186 (1975); In re Grand Jury Subpoenas, 363 So.2d 651 (La., 1978); and Kidd v. Caldwell, 371 So.2d 247 (La., 1979).
Direct contempt is decided summarily without trial. LSA-C.Cr.P. art. 22. The summary procedure allows immediate vindication of the court's authority. United States v. Wilson, supra. Constructive contempt is tried on a rule to show cause, with defendant being allowed at least forty-eight hours to prepare a defense. In re Oliver, 333 U.S. 257, 68 S.Ct. 499, 92 L.Ed. 682 (1948) discusses the due process limitations on summary contempt procedures:
"Except for a narrowly limited category of contempts, due process of law as explained in the Cooke Case requires that one charged with contempt of court be advised of the charges against him, have a reasonable opportunity to meet them by way of defense or explanation, have the right to be represented by counsel, and have a chance to testify and call other witnesses in his behalf, either by way of defense or explanation. The narrow exception to these due process requirements includes only charges of misconduct, in open court, in the presence of the judge, which disturbs the court's business, where all of the essential elements of the misconduct are under the eye of the court, and where immediate punishment is essential to prevent `demoralization of the court's authority' before the public. If some essential elements of the offense are not personally observed by the judge, so that he must depend upon statements made by others for his knowledge about these essential elements, due process requires, according to the Cooke Case, that the accused be accorded notice and a fair hearing as above set out." 333 U.S. at 275, 276, 68 S.Ct. at 508, 509, 92 L.Ed. at 695.
See, Cooke v. United States, 267 U.S. 517, 45 S.Ct. 390, 69 L.Ed. 767 (1925).
Since Ms. Watson's two refusals to testify were outside "the view and presence of the court," they do not meet the definition of direct contempt. Although Ms. Watson had a hearing, she did not have forty-eight hours notice. The trial court erred in failing to follow the procedural safeguards provided for trying constructive contempt under LSA-C.Cr.P. art. 24.
For the foregoing reasons, defendant's conviction of direct contempt is reversed and vacated.
REVERSED.
NOTES
[1] Defendant Watson was indicted the same day on forty-one counts of Medicaid fraud, LSA-R.S. 14:70.1, and one count of Theft, LSA-R.S. 14:67. She was arrested and posted bond of $50,000, but it was cancelled under a protective order. LSA-C.Cr.P. art. 743.
[2] LSA-C.Cr.P. art. 25 provides in pertinent part:

"A person may not be adjudged guilty of a contempt of court except for misconduct defined as such, or made punishable as such, expressly by law.
"Except as otherwise provided in this article, a court may punish a person adjudged guilty of contempt of court in connection with a criminal proceeding by a fine of not more than five hundred dollars, or by imprisonment for not more than six months, or both.
* * * * * *
"When a contempt of court consists of the omission to perform an act which is yet in the power of the person charged with contempt to perform, he may be imprisoned until he performs it, and in such a case this shall be specified in the court's order."
[3] LSA-C.Cr.P. art. 22 provides:

"A person who has committed a direct contempt of court may be found guilty and punished therefor by the court without any trial, after affording him an opportunity to be heard orally by way of defense or mitigation. The court shall render an order reciting the facts constituting the contempt, adjudging the person guilty thereof, and specifying the punishment imposed."
[4] LSA-C.Cr.P. art. 24 provides in pertinent part:

"A. When a person is charged with committing a constructive contempt, he shall be tried by the judge on a rule to show cause alleging the facts constituting the contempt. The rule may be issued by the court on its own motion or on motion of the district attorney.
"B. A certified copy of the motion and of the rule shall be served on the person charged in the manner of a subpoena not less than forty-eight hours prior to the time assigned for trial of the rule.
* * * * * *
"D. If the person charged with contempt is found guilty, the court shall render an order reciting the facts constituting the contempt, adjudging the person charged with the contempt guilty thereof, and specifying the punishment imposed."
[5] LSA-C.Cr.P. art. 21, supra.