621 So.2d 103 (1993)
STATE of Louisiana, Appellee,
v.
Daniel LOBATO, Appellant.
No. 25,028-KA.
Court of Appeal of Louisiana, Second Circuit.
June 23, 1993.
*104 Davenport, Files & Kelly by Lavalle B. Salomon, Monroe, for appellant.
Richard Ieyoub, Atty. Gen., Karen L. Godwin and Kathleen E. Petersen, Asst. Attys. Gen., for appellee.
Before SEXTON, VICTORY and STEWART, JJ.
SEXTON, Judge.
The defendant, Daniel R. Lobato, was convicted of conspiracy to possess marijuana with intent to distribute and sentenced to four and one-half years at hard labor and a fine of $1,250. On original appeal, this court affirmed. State v. Lobato, 588 So.2d 1378 (La.App.2d Cir.1991). The Louisiana Supreme Court granted defendant's writ application at 594 So.2d 1306 (La.1992) and conditionally affirmed defendant's conviction. State v. Lobato, 603 So.2d 739 (La.1992). The conditional affirmance ordered the case remanded to the trial court for an evidentiary hearing on defendant's claim that he received ineffective assistance *105 of counsel due to his attorney's dual representation of defendant and his coconspirator, Robert Phillips. Following the evidentiary hearing, the trial court held that the ineffective assistance of counsel claim was without merit. Defendant appeals that ruling. We affirm.
The facts surrounding defendant's offense are fully set forth in both this court's and the supreme court's earlier opinions in this case and will not be repeated here. At the evidentiary hearing on the conflict of interest claim, the only witness was Stephen Jefferson, defendant's counsel at trial. Mr. Jefferson acknowledged that defendant's coconspirator, Phillips, paid Jefferson to represent both Lobato and Phillips. Mr. Jefferson stated that the fact that Phillips paid his fees did not affect his representation of Lobato, although if he had to choose between the two, he would have chosen Phillips. Mr. Jefferson testified that both Lobato and Phillips had the "same story" regarding the offense, the defenses of the two were not antagonistic, and he knew of no actual conflict of interest before or during defendant's trial.
Mr. Jefferson further testified that Phillips had a prior federal drug conviction and that Lobato was a step down from Phillips in the hierarchy of the conspiracy. However, no efforts were made to portray Lobato as an "innocent dupe" to Phillips's "drug kingpin." Phillips was not subpoenaed or called as a witness at defendant's trial. Mr. Jefferson acknowledged that he never considered calling Phillips as a witness and that Phillips had informed Mr. Jefferson of his desire not to testify at Lobato's trial. Nevertheless, Mr. Jefferson was of the opinion that his dual representation of Lobato and Phillips in no way affected his representation of Lobato.
Multiple representation does not per se result in the ineffective assistance of counsel so as to violate constitutional guarantees unless it gives rise to a conflict of interest. Cuyler v. Sullivan, 446 U.S. 335, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980). Where, as here, there has been no objection to multiple representation at trial, a defendant must show an actual conflict of interest adversely affected his counsel's performance in order to establish a claim of ineffective assistance of counsel in violation of U.S. Const.Amend VI. Cuyler v. Sullivan, supra.
A reviewing court cannot presume that joint representation and the possibility of a conflict of interest has resulted in ineffective assistance of counsel. State v. Kahey, 436 So.2d 475 (La.1983); State v. Seay, 521 So.2d 1206 (La.App. 2d Cir.1988). In assessing whether a conflict of interest exists, a court must be convinced that the conflict is actual, not merely hypothetical or speculative. McConico v. Alabama, 919 F.2d 1543 (11th Cir.1990). Actual conflicts of interest that adversely affected counsel's performance must be established by specific instances in the record, and the mere possibility of divided loyalties is insufficient proof of actual conflict. United States v. Roth, 860 F.2d 1382 (7th Cir. 1988), cert. denied, 490 U.S. 1080, 109 S.Ct. 2099, 104 L.Ed.2d 661 (1989). An actual conflict of interest is established when defendant proves that his attorney was placed in a situation inherently conducive to divided loyalties. State v. Kahey, supra; State v. Seay, supra.
Defendant's assertions that he was denied effective assistance of counsel are purely speculative and do not rise to the level of showing an actual conflict of interest. Defendant's allegation that the conflict of interest prevented Mr. Jefferson from calling Phillips as a witness is pure conjecture. There is no indication that Phillips would have waived his Fifth Amendment right against self-incrimination. Rather, from Mr. Jefferson's testimony regarding Phillips's reluctance to testify, such a waiver would appear unlikely. Importantly, Mr. Jefferson stated that Phillips and Lobato gave him the same story. The record does not indicate that Phillips would have testified that Lobato was an innocent dupe to Phillips's drug kingpin. A defendant claiming that a conflict of interest resulted in his counsel's failure to call a witness must do more than point to a witness's failure to testify, the defendant must specifically identify what testimony *106 was denied to the jury and how this adversely affected the defendant. United States v. Abner, 825 F.2d 835 (5th Cir. 1987).
Defendant's claim that Mr. Jefferson was ineffective in failing to insist that Phillips be tried before Lobato, thus insuring that Phillips could later testify at Lobato's trial without reprisals, ignores that the state, through the attorney general and district attorney, have absolute control over the prosecution of criminal cases. La. Const. Art. 5, § 26(B) and LSA-C.Cr.P. Arts. 61 and 62.
Finally, defendant's attempt to analogize his case to that considered in State v. Morrow, 440 So.2d 98 (La.1983), is misguided. In Morrow, the defendant was found to have received ineffective assistance of counsel with regard to an aggravated kidnapping conviction. Defense counsel, who represented both defendant and his jointly tried codefendant, based his trial strategy exclusively on the defense of intoxication in an attempt to convince the jury that the two defendants were incapable of forming the requisite specific intent. Defendant testified at the hearing on the post-conviction relief application that he got into a car already occupied by his codefendant and the victim, without realizing that his codefendant had kidnapped the victim. Independent evidence presented at trial corroborated that the codefendant had alone performed the initial abduction of the victim. Defendant testified, without contradiction, that he had informed counsel of this version of the crime at their initial interview. The supreme court found defendant had shown ineffective assistance of counsel because the dual representation prevented defendant's counsel from presenting evidence, cross-examining witnesses, and arguing to the jury defendant's lack of participation in the initial abduction, at least a plausible defense which defense counsel was unable to pursue due to the conflicting interest of defendant and his codefendant.
The instant case is clearly distinguishable from Morrow. Defendant does not complain that a conflict of interest precluded the presentation of a plausible defense. Defendant testified as to his version of the crime at trial. At the hearing, Mr. Jefferson testified without contradiction that both Lobato and Phillips gave him the same story. The defendant has failed to show that a conflict of interest prevented his attorney from freely choosing a plausible defense.
In conclusion, we find no error in the trial court's determination that defendant failed to prove ineffective assistance of counsel due to an actual conflict of interest. Accordingly, defendant's conviction is hereby affirmed.
AFFIRMED.