11 HIGHTOWER, Judge.
Defendant, Bobby L. Foster, purchased eighteen ounces of cocaine from undercover agents in Rayville, Louisiana, and later pled guilty to an amended charge of conspiracy to distribute that illegal substance, La. R.S. 14:26 and 40:967. After reviewing a presen-tence investigation report, the trial court imposed the maximum incarceration sentence, fifteen years at hard labor. We affirm.

Sentencing

Poster presents two complaints in reference to his term of imprisonment: (1) that the court’s consideration of certain unadjudi-eated crimes violated his double jeopardy protections, and (2) that the resultant sentence is constitutionally excessive.
In reviewing excessive sentence assertions, an appellate court utilizes a two-step process. First, the record must show adequate consideration of the criteria set forth in La.C.Cr.P. art. 894.1. State v. Smith, 433 So.2d 688 (La.1983). Remand is unnecessary, however, when a sufficient factual basis for the sentence is clearly shown. State v. Landos, 419 So.2d 475 (La.1982). *619 Important elements which should be considered are the defendant’s personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of the offense, and the likelihood of rehabilitation. State v. Jones, 398 So.2d 1049 (La.1981). In selecting a proper sentence, a trial judge is not limited to considering only a defendant’s prior convictions and may properly review all prior criminal activity. State v. Jackson, 612 So.2d 993 (La.App. 2d Cir. 1993). Indeed, the sources of information relied upon by the sentencing court are varied and may include evidence usually excluded from the courtroom at the trial of guilt or innocence, e.g., hearsay and arrests, as well as conviction records. State v. Myles, 94-0217 (La.06/03/94), 638 So.2d 218.
The second inquiry concerns whether the incarceration is too severe considering the circumstances of the case and the background of the defendant. A sentence violates La. Const, art. 1, § 20 if grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Dorthey, 623 So.2d 1276 (La.1993). A sentence is considered grossly disproportionate^ when the crime and punishment, viewed in the light of the harm done to society, shocks the sense of justice. State v. Hogan, 480 So.2d 288 (La.1985).
The present record clearly discloses adequate Article 894.1 compliance. In determining imprisonment to be proper, the district judge found that an undue risk existed that this first-felony offender would commit another crime during any period of probation or suspension, that Foster needed correctional treatment, and that a lesser sentence would deprecate the seriousness of the crime. Moreover, considering the substantial drug problems in the parish, the court concluded that lengthy sentences are needed as deterrents. The judge also discussed, in detail, the factual basis for his decision. In the instant transaction, defendant purchased seventeen ounces of crack cocaine and one ounce of powder cocaine from undercover police officers. Foster further informed the narcotics agents that he could use one-half kilo of the illegal substance each week. Upon searching the residence where the sale transpired, authorities found cash exceeding $9,000, scales for weighing drugs, and a weapon. Indeed, local law enforcement personnel indicated to the court that the accused could be classified as a major dealer in the area. Even so, while appearing to be the predominant participant in the purchase, Foster received an advantage in being allowed to plead to an offense less serious than his actual activity and involvement.
As asserted by defendant, the trial court also weighed Foster’s prior arrest in Texas for possession of amphetamines[1] and his currently pending drug charges in federal court. Such factors, despite defendant’s double jeopardy contentions,[2] are proper considerations for sentencing. See State v. Myles, supra; State v. Jackson, supra. Foster’s complaints in | 3 this regard thus are meritless. Cf. State v. Matthews, 552 So.2d 590 (La. App. 2d Cir.1989), writ denied, 559 So.2d 137 (La.1990).
Nor do we find the sentence to be too severe. Maximum terms of imprisonment, such as assessed here, are appropriate as a general rule only in cases involving the most serious violations and the worst type of offenders. State v. Walker, 573 So.2d 631 (La.App. 2d Cir.1991); State v. Madison, 535 So.2d 1024 (La.App. 2d Cir.1988). Where the defendant has pled guilty to an offense which does not adequately describe his con *620 duct, however, the general rule does not apply and the trial court has great discretion in imposing the maximum sentence possible for the pled offense. State v. Black, 28,100 (La.App.2d Cir. 02/28/96), 669 So.2d 667, writ denied, 96-0836 (La.09/20/96), 679 So.2d 430. Considering the seriousness of the crime sub judice, the magnitude of the drug involvement, and the harm done to society, this sentence does not shock our sense of justice.
Neither are we impressed with Foster’s contention that the judge failed to consider certain mitigating factors. Specifically, he suggests that a lesser sentence is warranted by his offer to cooperate with authorities, his poor health, and his familial responsibilities. Not only does the record fail to support these factual allegations, but defendant’s brief also falls far short of demonstrating why the trial court’s sentence should be deemed an abuse of discretion.

Defense Counsel’s Motion to Withdraw

Based upon the trial court's refusal to allow counsel to withdraw from the case prior to sentencing, Foster also argues that he received representation from an attorney in whom he lacked confidence. This assignment, however, does not present reversible error.
Foster retained new counsel, Cameron Murray, shortly before sentencing. Yet, one day prior to the scheduled court date, that attorney filed a motion to withdraw. Murray averred a conflict of interest in that he had sued defendant for $2,000 in delinquent fees and, also, represented another client with adverse interests. This “other client,” however, remained unnamed.
|4In arguing his motion, Murray stated that he had asked Foster not to reveal to law enforcement personnel some information which would incriminate the other client. Defendant, nonetheless, disclosed those facts to an officer, and an argument ensued between counsel and Foster. In essence, without making any alternative arrangements for representation at sentencing, defendant had attempted to “fire” his attorney. Furthermore, Foster gave no indication that he intended to represent himself at this stage of the proceedings. The district court, finding no proper grounds to continue the matter for a fourth sentencing date, denied the motion until such time as sentencing had been completed.
Multiple representation, unless it gives rise to a conflict of interest, does not per se result in the ineffective assistance of counsel. State v. Carmouche, 508 So.2d 792 (La.1987); State v. Lobato, 621 So.2d 103 (La.App. 2d Cir.1993). In assessing whether a conflict of interest exists, a court must be convinced that the conflict is actual, not merely hypothetical or speculative. State v. Lobato, supra, and authorities therein. An actual conflict of interest is established when the defendant proves, through specific instances in the record, that his attorney was placed in a situation inherently conducive to divided loyalties. State v. Tart, 93-0772 (La.02/09/96), 672 So.2d 116, cert. denied, — U.S. -, 117 S.Ct. 310, 136 L.Ed.2d 227 (1996). The mere possibility of divided loyalties is insufficient proof of actual conflict. State v. Lobato, supra.
In the case at hand, Murray stated that defendant possessed incriminating data concerning another (unnamed) client. In point of fact, however, and against his attorney’s request, Foster proceeded to disclose that information to law enforcement personnel in hopes of obtaining a lighter sentence through mitigation. Thus, defendant averted any possible conflict that could have resulted from a failure to make that disclosure. Furthermore, notwithstanding his expressed concerns, counsel advanced strenuous arguments on his chent’s behalf at sentencing. Indeed, the trial judge complimented Murray on the “professional” way he handled the situation.
[ ¡¡Foster additionally complains of an antagonistic relationship between him and Murray resulting from the above-mentioned disclosure, as well as the nonpayment of fees. As a general proposition, a person accused in a criminal trial has the right to counsel of his choice. State v. Harper, 381 So.2d 468 (La. 1980); State v. Thomas, 28,790 (La.App.2d Cir. 10/30/96), 683 So.2d 1272. Such a right, however, must be exercised at a reasonable time, in a reasonable manner, and at an appropriate stage of the proceedings, and *621 cannot be manipulated so as to obstruct the orderly administration of justice. State v. Champion, 412 So.2d 1048 (La.1982); State v. Woodman, 28,004 (La.App.2d Cir. 01/24/96), 666 So.2d 1255, writ denied, 96-0489 (La.05/03/96), 672 So.2d 696. A defendant should not be allowed to postpone his sentencing by a last-minute change of counsel, regardless of whether the attorney’s fees have been paid. This is especially true where, as here, the lawyer did not even enroll as counsel of record until after the defendant pled guilty.
Moreover, in order for the district court to grant counsel’s request to withdraw, another continuance of the proceedings would have been necessary. Absent a showing of prejudice, a trial court’s refusal to continue a post-trial criminal proceeding will not be disturbed on appeal. State v. Woodman, supra. Here, Foster has not succeeded in demonstrating prejudice. His attorney stood ready to represent him at the sentencing hearing and strongly argued several matters on his client’s behalf. Under such circumstances, the trial judge’s decision to proceed with the sentencing did not constitute an abuse of discretion.

Conclusion

Accordingly, finding neither merit in Foster’s claims nor patent error, we affirm defendant’s conviction and sentence.
AFFIRMED.

. Texas authorities dismissed this charge without prosecuting Foster.

. The Louisiana and federal constitutions provide that no person shall he twice placed in jeopardy for the same offense. That protection is divided into three fundamental guarantees, namely: protection against a second prosecution for the same offense after acquittal; protection against a second prosecution for the same offense after conviction; and, protection against multiple punishment for the same offense. State v. Smith, 95-0061 (La.07/02/96), 676 So.2d 1068, and authorities therein. Anent the inapplicability of that principle to the instant situation, see discussion in Witte v. United States, 515 U.S. 389, 115 S.Ct. 2199, 132 L.Ed.2d 351 (1995), wherein the court held that the use of relevant criminal conduct to enhance a defendant’s sentence for a separate crime does not offend the Double Jeopardy Clause.