703 So.2d 216 (1997)
STATE of Louisiana
v.
Bill JONES and Rosemary Johnson.
No. 97-K-2684.
Court of Appeal of Louisiana, Fourth Circuit.
December 1, 1997.
*217 Raleigh L. Ohlmeyer, Jr., New Orleans, for Relator.
Before SCHOTT, C.J., and ARMSTRONG and WALTZER, JJ.
WALTZER, Judge.
We are called upon to decide whether the trial judge in this case committed error when he: a) found trial counsel in direct contempt of court; and b) set aside as invalid pleas of guilty entered by the defendants.

BACKGROUND FACTS
Case No. 387-434 was allotted to Section "K", the Honorable Arthur Hunter presiding, on 27 January 1997. Misdemeanor case No. 387-447 was transferred from Section "L" to follow the felony case in Section "K". With Judge Hunter presiding, the defendants pled not guilty, pre-trial motions were heard and, ultimately, trial by jury was set for 6 November 1997. Both defendants were on bond. On 14 October 1997 trial counsel transferred cases No. 387-434 and 387-447 to Section "A" of Criminal District Court, the Honorable Charles Elloie presiding, where the defendants pled guilty and were sentenced. Both defendants received probationary sentences and were not incarcerated. The trial judge in Section "K" discovered on 31 October 1997 that both of these cases had been "transferred" without his knowledge or his request. Neither the State nor the defendant had filed a written motion for transfer indicating the approval of the transferor and transferee courts.
On 31 October 1997, Judge Hunter sent an instanter subpoena to the defendants as well as to their attorney to appear for a "Status Hearing" for 5 November 1997. On 5 November 1997 a capias without bond was issued for the defendants as well as their attorney. On 18 November 1997 the trial judge ordered that bond be set for the defendant Bill Jones only, and an instanter subpoena was issued for counsel to appear on 25 November 1997. On that date the trial court found that since neither the State nor *218 the defendant had filed a motion to transfer the cases, and since the trial judge had not on his own motion transferred the cases to Section "A" for further disposition, the guilty pleas in Section "A" were illegal and invalidly obtained and should be set aside. The defendant Bill Jones was remanded to Parish Prison and counsel was found guilty of direct contempt pursuant to La.C.Cr.P. arts. 21 and 25.

DISCUSSION
The trial court based its ruling on a violation of Criminal District Court Rule V(B)(1) and in particular characterized " Mr. Ohlmeyer's explanation of events as untrue, shallow and without merit...." The Rule regarding transfers reads as follows:
Any case of any class may be transferred as often as may be necessary for the proper expedition of the business of the Court, either upon motion of the State or the defendant, or by Order of the Court from one Section of the Court to another, provided that the Judges of the Sections from which, and to which, the case is transferred consent.
It is uncontroverted that counsel moved the cases from Section "K" to Section "A" without the trial judge's request or knowledge. It is further uncontroverted that the transfer was not confected by written motion of anyone. It is also clear that counsel gave the following unacceptable explanation for his "oral" unilateral transfer, when asked about the urgency of such a transfer when the defendants were on bond and trial was set for 6 November 1997:
Because, I was leaving town that week, your Honor. I also had a matter set in Federal Court and it was suppose [sic] to start on November the 3rd. I was trying to clear up my docket before I started that Trial. It was suppose [sic] to last three (3) months.

ANALYSIS
We agree that the transfers without a written motion by defense counsel in the absence of an agreement between transferor and transferee court, purportedly to accommodate the schedule of trial counsel, is a violation of the Rule of Court resulting in potential chaos and an impermissible interference with and invalidation of the trial court's jurisdiction and control. Nevertheless, we find that counsel for the defendants was entitled to be notified by Rule to Show Cause why he should not be held in constructive contempt, and should have been advised of his right to counsel at a full hearing under oath. La.C.Cr.P. arts. 23 and 24. Direct contempt is committed in the presence of the Court, and constructive contempt is committed outside of the presence of the Court. State v. Rodrigues, 219 La. 217, 52 So.2d 756 (1951). Counsel's "transfer" occurred when the trial judge was not present, hence the trial court erred when he held counsel in direct contempt of court. The trial court may conduct a full hearing in conformity with La.C.Cr.P. art. 24.
Additionally, the guilty pleas and sentences imposed on 14 October 1997 in Section "A" are ordered to be reinstated and are to be made fully executory. The defendants cannot be punished and held responsible for the unilateral decision of their attorney to wait until the trial judge was out of town to shop for another forum.
APPLICATION FOR EMERGENCY WRIT GRANTED. REMANDED TO THE TRIAL COURT WITH ORDER.