I .PER CURIAM.

STATEMENT OF THE CASE

On April 22,1999, in case # 406^45, the defendants were each indicted for one count of second degree murder, charges to which they subsequently pled not guilty. Trial was held in November, but apparently either a mistrial was declared or the jury could not agree on a verdict (the docket master does not contain any entry for the second day of trial). The trial was eventually reset for early February, 2000, but the court continued it because of the illness of one of the defense attorneys. The case was then reset to February 23rd. The night before trial the State learned that its sole eyewitness to the murder, who apparently was in the .company of the defendants at the time of the murder, was incarcerated in St. John Parish on unrelated charges. The State appeared on the day of trial with a motion for continuance. The court offered to choose the jury that day, but not swear them, and then start the testimony the.next day after allowing the State time to obtain and meet with the witness. The State declined this offer. The court denied the continuance. The State then nolle prosequied the case. The court ordered the defendants released.
One of the A.D.A.S connected to the case contacted the Orleans Parish Criminal Sheriffs Office, specifically Capt. William Hunter, in an effort to |2forestall the release of the defendants pending the probable re-indictment of them the next day by the grand jury. Because Capt. Hunter would not hold the defendants based solely upon a telephone call, the A.D.A. then completed a screening sheet which indicated .the defendants would be re-indicted and requested that the defendants not be released. This form was presented to Capt. Hunter on February 23rd, the day the case was nolle prosequied, and the defendants were not released. The next day the State presented the witness to the grand jury, and the grand jury again returned an indictment against the defendants. The new charges were reinstituted in case # 413-028.
On March 13th, defense counsel moved to quash the charge and to recuse the District Attorney’s Office from the ease, alleging prosecutorial misconduct in the manner in which the defendants were held between the time the court ordered their release and the time they were re-indicted. A hearing on these motions was held on March 16th, and on March 17th the court denied the.motion to quash but granted the motion to recuse. Also on that date the court found Capt. Hunter and the District Attorney’s Office in contempt. The court sentenced Capt. Hunter to serve forty-eight hours in the St. Tammany Parish Jail. The court sentenced the District Attorney’s Office to pay $6,000 ($3,000 as to each defendant) and ordered all attorneys in the office to attend a seminar on ethics, professionalism, and court practice, to be set up at the District Attorney’s Office expense within ninety days. The court also ordered the defendants released under home incarceration, the cost of which is to be shared by the District Attorney’s Office and the Orleans Parish Criminal Sheriffs Office. Capt. Hunter and the State noted their intent to seek writs. Capt. Hunter was granted twenty-four hours to seek relief, and his application was timely filed in this court under case 2000-K-0663. The State was ^granted until March 24th to seek writs. Writ 2000-K-0662, filed by the State, is actually an amicus brief filed by the State on the issue of Capt. Hunter’s contempt adjudication and sentence, and therein the State asked for a stay of all orders by the trial court. On March 17th, this court granted *906 the stay, ordered the trial court to file a per curiam by 1:00 p.m. on March 21st, and ordered the State to produce the transcripts of the March 16th and 17th hearings by 1:00 p.m. on March 21st. In response, the trial court timely filed its per curiam, and the State was granted an extension to file the transcripts. The State ultimately filed the transcripts on March 21st. The State has yet to file its application as to the contempt finding as to it or as to its recusal from the case.

DISCUSSION

Although the State’s pleading was filed as a separate writ from that filed by Capt. Hunter, the State’s pleading is really an amicus brief filed in the matter of Capt. Hunter’s adjudication and sentence for contempt. The State has not yet filed its writ with respect to the court finding it in contempt and recusing the State from the case, or as to the order that the defendants be subject only to home incarceration. Thus, although there are two writs, the only issue before this panel is the trial court’s finding of contempt with respect to Capt. Hunter.
As per La.C.Cr.P. art. 20, there are two kinds of contempt, direct and constructive. Art. 21 sets forth an illustrative list of behavior which comprises direct contempt, while art. 23 sets forth a list of behavior which is constructive contempt. Capt. Hunter’s failure to comply with the trial court’s order to release the defendants when the State nolle prosequied the case would be a constructive contempt, as defined by art. 23: “A constructive contempt includes, but is not | Jimited to any of the following acts: ... (2) Willful disobedience of any lawful judgment, order, mandate, writ, or process of court”. Art. 24 sets forth the procedure to be used for punishing a constructive contempt:
A.When a person is charged with committing a constructive contempt, he shall be tried by-the on a rule to show cause alleging the facts constituting the contempt. The rule may be issued by the court on its own motion or judge on motion of the district attorney.
B. A certified copy of the motion and of the rule shall be served on the person charged in the manner of a subpoena not less than forty-eight hours prior to the time assigned for trial of the rule.
C. A person charged with committing a constructive contempt of a court of appeal may be found guilty thereof and punished therefor after receiving a notice to show cause, by brief, to be filed not less than forty-eight hours from the date the person receives such notice, why he should not be found guilty of contempt and punished accordingly. Such notice may be sent by certified or registered mail or may be served by the sheriff. The person so charged shall be granted an oral hearing on the charge if he submits a written request to the clerk of the appellate court within forty-eight hours after receiving notice of the charge.
D. If the person charged with contempt is found guilty, the court shall render an order reciting the facts constituting the contempt, adjudging the person charged with the contempt guilty thereof, and specifying the punishment imposed.
Here, contrary to the trial court’s assertions in its per curiam, the trial court did not comply with the notice requirements of art. 24. Capt. Hunter did sign a subpoena to appear on March 16th, but this was merely a subpoena duces tecum to appear and produce any relevant documents relating to this matter and to testify as to the matter. There is no indication on the subpoena that Capt. Hunter was to appear to answer a contempt charge. In addition, there is no indication the court served him with a copy of any formal motion for contempt and rule to show cause, Ror that any such motion and rule were even prepared. Because the trial court did not afford adequate notice to Capt. Hunter of the contempt hearing, the contempt adjudication and sentence must be reversed. See State *907 v. Watson, 465 So.2d 685 (La.1985); State v. Jones, 97-2684 (La.App. 4 Cir. 12/1/97), 703 So.2d 216.
For the foregoing reasons, these 'writs are granted and the trial court’s ruling and sentence of contempt as to Capt. Hunter is vacated due to the lack of adequate notice. The case is remanded to the trial court for further proceedings.
WRITS GRANTED; JUDGMENT AND SENTENCE OF CONTEMPT VACATED AND REMANDED.