688 So.2d 158 (1997)
STATE of Louisiana
v.
Wilbur P. DAIGLE.
No. 96-KA-782.
Court of Appeal of Louisiana, Fifth Circuit.
January 28, 1997.
Laurie A. White, New Orleans, for Appellant.
Paul C. Connick, Jr., District Attorney, Terry M. Boudreaux, Assistant District Attorney, Gretna (Louise Korns, of counsel), for Appellee.
Before GAUDIN, WICKER and CANNELLA, JJ.
WICKER, Judge.
Wilbur P. Daigle was convicted pursuant to a guilty plea of theft of property valued at over one thousand dollars. He appeals his sentence of ten years at hard labor on the ground it is constitutionally excessive. Finding no error, we affirm.
On August 10, 1995, the Jefferson Parish District Attorney filed a bill of information *159 charging Wilbur Daigle with theft of property valued at over one thousand dollars, a violation of La.R.S. 14:67.[1] At his arraignment on October 11, 1995 he entered a plea of not guilty, but later withdrew his original plea and pleaded guilty. On March 27, 1996, the trial court sentenced defendant to ten years at hard labor, with credit for time served. Defendant lodged an oral objection to the sentence and filed a motion to reconsider sentence, alleging the ten year sentence was excessive. The trial court denied defendant's motion on April 1, 1996. Defendant filed a motion for appeal on April 8, 1996, which the trial court granted the same day.

FACTS
According to the presentence investigation report, defendant is an accountant who was employed as comptroller of the Walle Corporation. Over a ten-year period, he used his position with the company to embezzle large amounts of company funds by issuing checks to an account he set up under a false name. Defendant spent the money on cars, jewelry, financial instruments, and his gambling habit.
Defendant estimated he took a total of approximately $600,000. The Walle Corporation's own audit indicated that the amount taken was $312,698.96, but the company estimates the actual amount to be closer to one million dollars.

ASSIGNMENT OF ERROR NO. 1
In his sole assignment of error, defendant contends the trial court erred in imposing the maximum sentence of ten years at hard labor upon him. He alleges the sentence is excessive and thereby violates the defendant's rights under the Eighth Amendment to the United States Constitution and Article I, § 20 of the Louisiana Constitution. Defendant argues that his ten-year sentence, the maximum allowed under the theft statute, is constitutionally excessive.
Both the United States and Louisiana constitutions prohibit the imposition of excessive or cruel punishment. U.S. Const. amend. VIII; La. Const. art. I, § 20. A sentence is generally considered excessive if it is grossly disproportionate to the offense or imposes needless and purposeless pain and suffering. State v. Lobato, 603 So.2d 739 (La.1992); State v. Munoz, 575 So.2d 848 (La.App. 5 Cir.1991), writ denied, 577 So.2d 1009 (La.1991).
In reviewing a sentence for excessiveness, the court of appeal must consider the punishment in light of the harm to society and gauge whether the penalty is so disproportionate as to shock its sense of justice, recognizing at the same time the wide discretion afforded the trial judge in determining sentence. State v. Davis, 449 So.2d 452 (La.1984); State v. Jackson, 597 So.2d 1188 (La.App. 5 Cir.1992). A sentence may be reviewed for excessiveness even though it is within statutory range. State v. Cann, 471 So.2d 701, 703 (La.1985).
Defendant contends the sentence is out of proportion to the severity of his crime. He argues that he has no prior felony convictions and has made partial restitution to the victim by signing over most of his personal property. Defendant further asserts that he is not a "most egregious" offender, deserving of the maximum sentence. He notes that the court received several letters of good character on his behalf. Defendant argues that the record does not support the trial court's decision.
In imposing sentence, the trial judge noted the great economic loss suffered by the victim company and stated that a lesser sentence would deprecate the seriousness of the offense. Defendant's criminal acts adversely affected not only the Walle Corporation, but its many individual employees. The judge concluded that notwithstanding the correspondence he received on defendant's behalf, defendant is in need of a custodial environment. He believed that if defendant were to receive a probated sentence, there was a danger he would continue to commit criminal acts. Defendant's pattern of criminal behavior is evidenced by his own statement to police (as recorded in the presentence investigation report) that he was terminated by *160 one of his previous employers when he was suspected of payroll fraud. The trial judge also noted that prior to his trial on the instant offense, defendant jumped bond and fled to Nevada.
The court noted defendant's criminal record (a 1969 misdemeanor conviction for obscenity and a 1982 misdemeanor conviction for criminal mischief, reduced from a charge of crime against nature) and indicated the decision was also influenced by the fact that the instant offense was actually an ongoing series of criminal acts for which the state could have brought several individual charges. The court felt that defendant was in need of treatment and rehabilitation. This determination is supported by the presentence report, which contains information regarding defendant's extensive gambling habit.
While it is true that defendant's crime was not one of violence, and that he is a first felony offender, the record supports the trial court's decision. It does not appear the judge abused his wide discretion in sentencing defendant.
In State v. LeBlanc, 578 So.2d 1036 (La. App. 3 Cir.1991), writ denied, 620 So.2d 833 (La.1993), the twenty-nine year old defendant entered a plea of nolo contendere to theft of over $500 stemming from an oil field investment scheme in which he cheated several investors of more than $100,000. The defendant carried out this scheme over a period of two years. The trial judge in that case sentenced the defendant to the maximum term of ten years at hard labor, citing a continuing pattern of similar criminal behavior by the defendant, who had several prior convictions for issuing worthless checks and forgery. The reviewing court found that the defendant's sentence was not constitutionally excessive. The court noted not only the defendant's criminal past, but the fact that the state dismissed another count of theft as part of defendant's plea bargain.
The trial judge in this case, like the judge in LeBlanc, was impressed by the extent of defendant's fraudulent activities and the length of time over which they occurred. Accordingly, we find no merit to this assignment of error.
Our error patent review reveals no patent errors.
For the foregoing reasons, the sentence is affirmed.
AFFIRMED.
NOTES
[1] The offense charged in this case specifically falls under subsection (B)(1) of La.R.S. 14:67, which encompasses the taking or misappropriation of things valued at five hundred dollars or more.