700 So.2d 1103 (1997)
STATE of Louisiana
v.
Charles C. HUBB and Louis E. Mutart, Jr.
No. 97-KA-304.
Court of Appeal of Louisiana, Fifth Circuit.
September 30, 1997.
*1104 Bruce G. Whittaker, Louisiana Appellate Project, Gretna, for Appellants Charles C. Hubbs and Louis E. Mutart.
Paul D. Connick, Jr., District Attorney, Terry M. Boudreaux, Assistant District Attorney, Research & Appeals, Gretna, for Appellee State.
Before GRISBAUM, DUFRESNE and CANNELLA, JJ.
CANNELLA, Judge.
Defendants, Charles Hubbs and Louis Mutart, pled guilty to the crime of sexual battery on T.B., a juvenile girl, in violation of La.R.S. 14:43.1.[1] The trial judge sentenced Hubbs to seven years at hard labor, and Mutart to six and one-half years at hard labor, both without benefit of probation, parole, or suspension of sentence.
On September 3, 1996, the Jefferson Parish District Attorney filed a five count bill of information jointly charging Hubbs and Mutart with committing sexual offenses against two juvenile victims, T.B. and T.M. Count one of the bill of information charged both defendants with committing a sexual battery on T.B. Count two charged Hubbs with committing a sexual battery on T.M. Count three charged Hubbs with committing a sexual battery on T.B. Count four charged both defendants with indecent behavior with T.M. in violation of La.R.S. 14:81. Finally, count five charged Mutart with indecent behavior with T.M. They were arraigned on September 25, 1996 and pled not guilty to all counts. On December 2, 1996, both defendants pled guilty to count one after being advised of their constitutional rights. They were subsequently sentenced on January 8, 1997. After sentencing, they filed motions for reconsideration of sentence, which were denied by the trial court on February 12, 1997. At the time of their arrest on August 5, 1996, Hubbs was forty-seven years old and Mutart was fifty-one years old.
Because defendants both entered guilty pleas, there was no trial in this matter. Therefore, the following factual statement is based on the bill of information, the presentence investigation reports and hearings held by the trial court.
Defendants, who are brothers, lived in the home of the victims in Harahan, Louisiana. On August 5, 1996, the victims' mother told Harahan police officers that both defendants had sexually molested her daughters, T.B., age ten, and T.M., age eleven.
T.B. told the officers that on August 2, 1996 and on numerous other occasions Hubbs came into her bedroom and fingered her vagina. T.B. related that on three or four occasions, while riding in the car with him, Charles Hubbs had exposed his penis and forced her to masturbate him. She stated that both Hubbs and Mutart "french kissed" her nightly and occasionally showed her photographs of nude women.
*1105 T.M. told officers that Hubbs had fingered her vagina several times. She also stated that, on at least one occasion, Hubbs had exposed his penis to her and attempted to make her touch him. T.M. related that Mutart had "french kissed" her several times.
On appeal, defendants assert that their sentences are excessive. They further ask for a patent error review.
Defendants first contend that the trial court erred in imposing unconstitutionally excessive sentences. La. R.S. 14:43.1 provides that the punishment for committing sexual battery is "imprisonment, with or without hard labor, without benefit of parole, probation, or suspension of sentence, for not more than ten years". While defendants note that their sentences of six and one half years and seven years are within the statutory maximum of ten years, they argue that the sentences are nonetheless excessive. Mutart argues that his sentence is excessive because he has no prior criminal history. Hubbs argues that his sentence is excessive because his prior criminal record consists solely of non-violent misdemeanors. Both defendants contend that neither of them caused the victims any lasting physical injury.
Both the United States and Louisiana constitutions prohibit the imposition of excessive or cruel punishment. U.S. Const. Amend. VIII; La. Const. Art. I, § 20. A sentence is generally considered to be excessive if it is grossly disproportionate to the offense or imposes needless pain and suffering. State v. Daigle, 96-782 (La.App. 5 Cir. 1/28/97); 688 So.2d 158, 159; State v. Lobato, 603 So.2d 739 (La.1992), appeal after remand, 621 So.2d 103 (La.App. 2nd Cir.1993); writ denied in part and granted in part on other grounds, 627 So.2d 644 (La.1993).
In reviewing a sentence for excessiveness, the court of appeal must consider the punishment in light of the harm to society and gauge whether the penalty is so disproportionate as to shock its sense of justice. State v. Daigle, 688 So.2d at 159; State v. Jackson, 597 So.2d 1188, 1189 (La.App. 5 Cir.1992). The trial judge is afforded wide discretion in determining a sentence, and if the record supports the sentence imposed, the court of appeal will not set aside a sentence for excessiveness. State v. Daigle, 688 So.2d at 159; La.C.Cr.P. art. 881.4(D). A sentence may be reviewed for excessiveness even though it is within statutory range. Id. at 159.
In this case, defendants pled guilty to committing a sexual battery on a ten year old girl. As part of the plea agreement, the district attorney dismissed the other four counts. On January 8, 1997, the trial judge conducted an extensive sentencing hearing, wherein the mother of the victims testified. Additionally, both defendants were allowed to give statements and present witnesses. At the hearing, the victims' mother testified about the impact which the crimes had on her minor daughters. She stated that T.M. had a pre-existing behavioral disorder for which she was taking medication. Because of the trauma T.M. suffered as a result of defendants' crimes, T.M.'s medication had been doubled and she might require placement in a mental hospital. She further testified that T.B. did not sleep anymore because "Uncle Louie" told her that he would kill her if she ever told the truth.
Defendants' witness, Gail Young, testified that she knew defendants for approximately eight to ten years. She stated that she had never seen either defendant do anything inappropriate to a child. Finally, she testified that she did not believe that defendants had committed the crime to which they had pled guilty.
In imposing sentence, the trial judge stated that he had considered the La.C.Cr.P. art. 894.1 sentencing guidelines, the presentence investigation reports, the victim impact testimony and the testimony on behalf of the defendants. In his reasons for imposing sentence, the trial judge stated that defendants had used their position as adults in the family home to take advantage of the minor children residing there. Additionally, the trial court noted that T.B. said that Mutart had threatened to kill her if she disclosed the molestation. Furthermore, the trial judge pointed out that, although defendants had apologized for their actions in open court, in the presentence investigation reports they had denied that the events occurred.
*1106 In addition to the above factors, the trial court also considered mitigating circumstances. The trial court noted that Mutart was apparently a law-abiding citizen with no criminal history other than the present incident and Charles Hubbs' criminal history consisted of five misdemeanors. Additionally, the trial court showed leniency to both defendants since it did not deny diminution of sentence, as authorized by La.R.S. 15:537.[2]
Considering all of the foregoing, we find that the trial judge did not abuse his discretion in sentencing defendants and that the sentences are not excessive. Both of defendants' sentences were less than the ten year maximum sentence. Furthermore, the trial judge gave this matter ample consideration and articulated extensive reasons for the severity of the sentences of defendants. Since the record supports the sentences imposed on defendants, we will not set them aside. See: La.C.Cr.P. art. 881.4(D).
Finally, we have reviewed the record for errors patent and find none.
Accordingly, the convictions and sentences of defendants are hereby affirmed. Costs of appeal are assessed to defendants.
AFFIRMED.
NOTES
[1] Because the victims in this case are juveniles, the children involved will be referred to by their initials and the name of the mother will be omitted.
[2] La.R.S. 15:537 provides that where, as here, a defendant pleads guilty to La.R.S.14:43.1, the court may deny or place conditions on eligibility for diminution of sentence for good behavior.