734 So.2d 1276 (1999)
STATE of Louisiana
v.
Era SANDERS.
No. 98-KA-855.
Court of Appeal of Louisiana, Fifth Circuit.
May 19, 1999.
*1277 Paul D. Connick, Jr., District Attorney, Terry Boudreaux, Assistant District Attorney, Gretna, Louisiana, Attorneys for Appellee.
Sandra C. Jenkins, New Orleans, Louisiana, Attorney for Appellant.
Panel composed of Judges H. CHARLES GAUDIN, MARION F. EDWARDS and SUSAN M. CHEHARDY.
EDWARDS, Judge.
Defendant Era Sanders appeals his sentence received for two counts of distribution of cocaine. We amend and affirm the sentence for the reasons to follow.
Sanders was originally charged with four counts of distribution of cocaine in violation of La. R.S. 40:967(A). He entered a plea of not guilty and on the morning of trial, the District Attorney dismissed two of the counts. After trial, the jury convicted defendant on the two remaining counts of distribution of cocaine. Defendant was subsequently sentenced to fifteen years at hard labor on each count, the sentences to be served consecutively. A multiple offender bill was filed and later dismissed. Defendant's post trial motions for new trial, for a post verdict judgment of acquittal, and to reconsider sentence, were denied. The present appeal was subsequently perfected.
On appeal, defendant has averred that his sentence is both illegally lenient and excessive.

TESTIMONY AND EVIDENCE
Officer Willie Declouet testified that on December 9, 1997, the Jefferson Parish Sheriffs Office was engaged in an undercover narcotics investigation in Bridge City. As part of this operation, an undercover police officer would make drug purchases while driving in a car equipped with a video camera. On that day, an undercover officer made a purchase of a substance later identified as crack cocaine. A videotape of the transaction was made, and the seller was identified by an officer as the defendant. As a result of the identification, a photographic lineup was created, and the undercover agent identified the defendant as the person who had sold him the cocaine.
*1278 Agent Michael Jordan[1], the undercover officer, testified that he purchased a rock of cocaine from someone who he subsequently identified, in the photo lineup, as well as in court, as the defendant. A video tape of the drug transaction was played for the jury.
The Sheriff's Office continued this operation on January 6, 1998 by having another officer drive through Bridge City and make drug purchases in a camera equipped car. Undercover agent Kendrick Thomas testified that on that date, a black male, later identified as the defendant, sold him three rocks of crack cocaine. Agent Thomas identified the defendant in court, as well as in a photographic lineup, as the person who sold him the drugs. A videotape of that transaction was also played for the jury.
Sergeant Joseph Williams testified that he reviewed the videotapes of the two transactions (undercover purchases) and recognized the defendant as the person involved in the sale.
Based upon these identifications of the defendant as the person who sold crack cocaine to the undercover officers on December 9, 1997 and January 6, 1998, defendant was arrested and charged with distribution of cocaine.

EXCESSIVE SENTENCE
The defendant claims that the trial court erred because the sentence imposed is constitutionally excessive and because the trial court failed to comply with the requirements of LSA-C.Cr.P. art. 894.1 when imposing sentence. The state contends that the sentence was not constitutionally excessive but admits that the record is silent as to whether the trial court considered the Article 894.1 factors in imposing sentence.
Both the United States and Louisiana Constitutions prohibit the imposition of excessive or cruel punishment. U.S. Const. Amend. VIII; La. Const. Art. I, § 20. A sentence is generally considered to be excessive if it is grossly disproportionate to the offense or imposes needless pain and suffering. State v. Daigle, 96-782 (La.App. 5th Cir. 1/28/97); 688 So.2d 158, 159; State v. Lobato, 603 So.2d 739 (La.1992), appeal after remand, 621 So.2d 103 (La.App. 2nd Cir.1993); writ denied in part and granted in part on other grounds, 627 So.2d 644 (La.1993).
In reviewing a sentence for excessiveness, this court must consider the punishment in light of the harm to society and gauge whether the penalty is so disproportionate as to shock its sense of justice. State v. Daigle, 688 So.2d at 159; State v. Jackson, 597 So.2d 1188, 1189 (La.App. 5th Cir.1992). The trial judge is afforded wide discretion in determining a sentence and, if the record supports the sentence imposed, the court of appeal will not set aside a sentence for excessiveness. State v. Daigle, 688 So.2d at 159; La.C.Cr.P. art. 881.4(D). A sentence may be reviewed for excessiveness even though it is within statutory range. Id. at 159.
Defendant bases his excessiveness argument on the fact that sentences on the two counts of distribution of cocaine are to be served consecutively. LSA-C.Cr.P. 883 states in pertinent part:
If the defendant is convicted of two or more offenses based on the same act or transaction, or constituting parts of a common scheme or plan, the terms of imprisonment shall be served concurrently unless the court expressly directs that some or all be served consecutively. Other sentences of imprisonment shall be served consecutively unless the court expressly directs that some or all of them be served concurrently.
In the present case, defendant's convictions result from two separate sales to two different undercover agents occurring almost one month apart. Based upon these factors, the two sales are clearly two separate *1279 acts sufficiently separate and distinct to justify consecutive sentences. See e.g. State v. Scott, 612 So.2d 293 (La.App. 5th Cir.1992); State v. Davis, 528 So.2d 615 (La.App. 2nd Cir.1988) writs denied, 531 So.2d 472 (La.1988) and 542 So.2d 4 (La. 1989).
Louisiana Code of Criminal Procedure Article 894.1(C) requires that the trial court create a record of the basis for the sentence imposed by requiring the court to state for the record the considerations taken into account and the factual basis therefor in imposing sentence.
If there is an adequate factual basis for the sentence contained in the record, the trial court's failure to articulate every circumstance listed in Article 894.1 will not require a remand for resentencing. State v. Lanclos, 419 So.2d 475, 478 (La. 1982); State v. Robertson, 94-1379 (La. App. 1st Cir. 10/6/95), 671 So.2d 436, writ denied, 95-2654 (La.2/9/96), 667 So.2d 527. Further, a remand for more complete compliance with LSA-C.Cr.P. art. 894.1 is not required when the sentence imposed is not apparently severe. See State v. Robicheaux, 412 So.2d 1313, 1319 (La.1982); State v. Robertson, supra.
Here, the defendant was convicted on two counts of distribution of cocaine and sentenced to serve fifteen years at hard labor on each count, to run consecutively. LSA-R.S.40:967 B(4)(b) provides a sentencing range of five to thirty years, with the first five years of the sentence being without benefit of parole, probation, or suspension of sentence. The defendant may, in addition, be sentenced to pay a fine of not more than fifty thousand dollars. We do not find the sentences to be apparently severe. They are in the midrange of the possible sentence exposure. The judge did not impose a fine.
Although the trial court did not undertake an examination of the factors set out in LSA-C.Cr.P. art. 894.1, it stated for the record that it took into consideration defendant's past record. The state set out defendant's criminal past as follows:
THE STATE:
Judge, he's got possession of stolen property less than a hundred, possession of cocaine, possession of stolen property over five hundred, and a misdemeanor marijuana.
Prior criminal activity is one of the factors to be considered by the trial judge in sentencing a defendant. Prior criminal activity is not limited to convictions. State v. Washington, 414 So.2d 313, 315 (La.1982); State v. McCorkle, 97-966 (La.App. 5th Cir. 2/25/98), 708 So.2d 1212. Here, the record indicates that the defendant had a criminal history.
Because an adequate factual basis for the sentence is contained in the record, and because the sentence is not apparently severe, we need not remand the case for resentencing. This assignment of error is without merit.

ILLEGALLY LENIENT SENTENCE
Defendant avers that the sentence imposed by the trial court does not comply with the sentencing requirements set out in LSA-R.S. 40:967 B(4)(b). The trial court sentenced defendant to fifteen years on each count of distribution of cocaine with the sentences to be served consecutively. The trial court failed to specify that the first five years of each sentence be served without benefit of parole, probation, or suspension of sentence as required by LSA-R.S. 40:967 B(4)(b). When restrictions on parole, probation, and suspension of sentence are placed on a sentence by law and the trial judge fails to impose them, the sentence is "illegally lenient." State v. Rogers, 519 So.2d 246 (La.App. 5th Cir.1988); State v. Robertson, 459 So.2d 581 (La.App. 5th Cir.1984). Since this defect does not involve exercise of the sentencing judge's discretion, we are authorized to correct the sentence by amendment rather than remanding the case for resentencing. LA-C.Cr.P. art. 882 A; State v. Fraser, 484 So.2d 122 (La.1986); *1280 State v. Riche, 608 So.2d 639 (La.App. 5th Cir.1992).
In addition, we note one error patent. The record reflects that the trial court did not advise the defendant of the prescriptive period for filing post conviction relief at sentencing as mandated by Article 930.8 of our Code of Criminal Procedure. We therefore remand this case to the trial court and order the trial judge to inform the defendant of the provisions of La.Code Cr.P. art. 930.8 by sending appropriate written notice to the defendant within ten days of the rendition of this court's opinion and to file written proof that the defendant received the notice in the record. State v. Kershaw, 94-141 (La.App. 5th Cir. 9/14/94) 643 So.2d 1289, 1291.
Accordingly, defendant's sentences on his convictions for distribution of cocaine are amended to include the order that the first five years of both sentences be served without benefit of parole, probation, or suspension of sentence. The case is remanded with instructions to inform the defendant of the notice required by La. Code Cr.P. art. 930.8. In all other respects the sentences are affirmed.
SENTENCE AMENDED AND AFFIRMED; REMANDED.
NOTES
[1] The name used by the officer as an undercover agent.