NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

06-1534

STATE OF LOUISIANA

VERSUS

D.R.C.

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
TWELFTH JUDICIAL DISTRICT COURT
PARISH OF AVOYELLES, NO. 132,063
HONORABLE MARK A. JEANSONNE, DISTRICT JUDGE
\*\*\*\*\*\*\*\*\*\*

GLENN B. GREMILLION
JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of John D. Saunders, Jimmie C. Peters, and Glenn B. Gremillion, Judges.

AFFIRMED WITH INSTRUCTIONS.

Hon. Charles A. Riddle, III
District Attorney, 12th JDC
Dan B. McKay, Jr.
Asst. District Attorney
P. O. Box 1200
Marksville, LA 71351
(318) 253-6587
Counsel for Plaintiff/Appellee:
        State of Louisiana

**Mark Owen Foster**
**Louisiana Appellate Project**
**P. O. Box 2057**
**Natchitoches, LA 71457**
**(318) 354-1292**
**Counsel for Defendant/Appellant:**
  **D.R.C.**

GREMILLION, Judge.

The defendant, D.R.C.,[1] was convicted of sexual battery, in violation of La.R.S. 14:43.1, and sentenced to serve seven years at hard labor without diminution of sentence for good behavior, but with credit given for time served. He now appeals claiming that his sentence is cruel, unusual, and excessive. For the following reasons, we affirm Defendant's sentence with instructions.

**FACTS**

The record reflects that on Halloween, the year before trial, S.C., the victim, had been living with her mother, P.C., Defendant, and another sibling in Centerpoint, which is located in Avoyelles Parish. After Defendant took the children trick or treating, he gave them a bath. During the bath, Defendant touched S.C.'s genitalia with his bare hands. Afterwards, S.C. wrapped up in a towel and attempted to leave the bathroom, but Defendant told her to stop and to bend over the toilet with her chest on the seat. Defendant made S.C. take the towel off. Defendant then pulled down his pants and underwear and rubbed his penis on S.C.'s buttocks while rubbing his penis with both of his hands.

P.C. answered the telephone while Defendant was in the bathroom. P.C. Upon learning that the call was for him, she called Defendant twice from the bedroom, but he did not answer. When she approached the bathroom, Defendant stopped and pulled up his pants and S.C. wrapped a towel around herself. P.C. opened the door and noticed that it felt as if Defendant had his hand on the other side of the doorknob.

---

[1] In accordance with La.R.S. 46:1844(W), initials will be used to protect the identity of the minor victim.

As P.C. entered the bathroom, she saw Defendant bent over with his back to the door while he picked items up off the floor. When he turned around to take the telephone, he slid behind the bathroom door. Because there was a mirror on the bathroom side of the door, P.C. saw Defendant's reflection and noticed that his pants were unzipped. P.C. took S.C. by the arm and led her out of the bathroom. After questioning S.C. about what had transpired, P.C. went back to the bathroom to talk to Defendant, but he had the door locked and would not open it. P.C. called 911 and the police were sent to their home. When the police arrived, she went out to meet them. At that time, Defendant ran out of their home and drove away in P.C.'s truck. Defendant returned three times that evening. Each time he returned, P.C. called the police, and he left before they arrived.

**ERRORS PATENT**

We review all appeals in accordance with La.Code Crim.P. art. 920 for errors patent on the face of the record. After reviewing the record, we find that there is no error patent, but there is a need for the trial court to make a correction to the minutes of the sentencing hearing.

Court minutes of sentencing state:

AS REQUIRED BY ARTICLE 890.1 OF THE CODE OF CRIMINAL PROCEDURE AND ARTICLE 894.1 D OF THE CODE OF CRIMINAL PROCEDURE, THE COURT DESIGNATED THAT THE CRIME INVOLVED WAS A CRIME OF VIOLENCE OR ATTEMPTED CRIME OF VIOLENCE DEFINED OR ENUMERATED IN R.S. 14:2"13", AND ALSO INFORMED THE DEFENDANT WHETHER, PURSUANT TO THE PROVISIONS OF R.S. 15:571.3, THE DEFENDANT'S SENTENCE WAS SUBJECT TO DIMINUTION FOR GOOD BEHAVIOR, AND WHETHER THE SENTENCE IMPOSED WAS ENHANCED PURSUANT TO R.S. 15:529.1 ET SEQ, ARTICLE 893.3, OR ANY OTHER RELEVANT PROVISION OF LAW.

2

The transcript of sentencing indicates that the trial court stated the following regarding diminution of sentence, "I must inform you that this is deemed a crime of violence, so it's not subject for demonision (sic) for good behavior."

The trial court did not actually state that it denied eligibility for diminution of sentence under La.R.S. 15:537(A) or La.Code Crim.P. art. 890.1(B). Regardless, whether the trial court intended to deny eligibility for diminution of sentence under Article 890.1(B) or whether it was simply advising Defendant that La.R.S. 15:537(A) requires that diminution of sentence be denied to a person who is sentenced to imprisonment for sexual battery, the result is the same and we do not recognize it as an error patent.[2] However, the trial court is instructed to amend the

---

[2] In *State v. Narcisse*, 97-3161, p. 1 (La. 6/26/98), 714 So.2d 698, 699, the supreme court stated the following regarding a trial court's authority to deny eligibility for diminution of sentence:

> [A] trial judge lacks authority under La.R.S. 15:573.1(C) to deny a defendant eligibility for good time credits against his sentence, because that statute is "directed to the Department of Corrections exclusively." *State ex rel. Simmons v. Stalder*, 93-1852 (La.1/6/96), 666 So.2d 661. Moreover, even the Department of Corrections lacks that authority under La.R.S. 15:571.3(C) in a case in which the trial court has not formally adjudicated and sentenced the defendant as a multiple offender under the provisions of La.R.S. 15:529.1. When the sentencing court is of the opinion that a denial of diminution of sentence is warranted under the specific circumstances of the case, the trial judge's discretion should be exercised under La.C.Cr.P. 890.1(B).

*See also State v. Hotard,* 04-1092 (La. 10/15/04), 885 So.2d 533.

Louisiana Code of Criminal Procedure Article 890.1 states:

> A. When the court imposes a sentence, the court shall designate whether the crime involved is a crime of violence or an attempted crime of violence as defined or enumerated in R.S. 14:2(B).

> B. Notwithstanding any provision of law to the contrary, if a person is convicted of or pleads guilty to a crime of violence as defined or enumerated in R.S. 14:2(B) and is sentenced to imprisonment for a stated number of years or months, the sentencing court may deny or place conditions on eligibility for diminution of sentence for good behavior unless diminution of sentence is prohibited by R.S. 15:571.3(C) or (D).

3

sentencing minutes to accurately reflect that the sentence was imposed without diminution of sentence for good behavior.

## CRUEL, UNUSUAL AND EXCESSIVE SENTENCE

Defendant argues in his lone assignment of error that "[t]he sentence imposed by the trial court was cruel, unusual and excessive, in violation of Article I, § 20 of the Louisiana Constitution of 1974." He claims that the seven-year sentence is excessive because near maximum sentences are excessive except for the most egregious offenders and offenses; that the facts do not show Defendant to be the most egregious type of offender; and that the facts of the case do not show that the offense was the most egregious type of sexual battery.

At the sentencing hearing, the trial court reviewed the pre-sentence investigation report and then set out the aggravating factors that it found in the case. The trial court said that it could not find certain mitigating factors, but stated that it felt some compassion for Defendant due to some of his medical problems. However, the trial court found that those causes for compassion did not justify his behavior.

The State requested that Defendant be given the maximum sentence noting that he could have been charged with more serious crimes which could have resulted in harsher penalties than sexual battery. Defendant was eventually sentenced to serve seven years at hard labor without diminution of sentence for good behavior.

The standard for reviewing excessive sentence claims is abuse of discretion:

> The trial judge is given a wide discretion in the imposition of sentences within the statutory limits, and the sentence imposed by him should not be set aside as excessive in the absence of a manifest abuse of his discretion. *State v. Thompson*, 2002-0333 (La.4/9/03), 842 So.2d 330; *State v. Washington*, 414 So.2d 313 (La.1982); *State v. Abercrumbia*, 412 So.2d 1027 (La.1982). A trial judge is in the best

4

position to consider the aggravating and mitigating circumstances of a particular case, and, therefore, is given broad discretion in sentencing. *State v. Cook*, 95-2785 (La.5/31/96), 674 So.2d 957. On review, an appellate court does not determine whether another sentence may have been more appropriate, but whether the trial court abused its discretion. *Id*.

*State v. Williams*, 03-3514, p. 14 (La. 12/13/04), 893 So.2d 7, 16-17.

A sentence which falls within the statutory limits may be excessive under certain circumstances. *State v. Brown*, 94-1290 (La.1/17/95), 648 So.2d 872, 877. To constitute an excessive sentence, this Court must find that the penalty is so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no reasonable contribution to acceptable penal goals and therefore, is nothing more than the needless imposition of pain and suffering. *Id*. The trial judge has broad discretion, and a reviewing court may not set sentences aside absent a manifest abuse of discretion. *State v. Cann*, 471 So.2d 701, 703 (La.1985).

*State v. Guzman*, 99-1528, 99-1753, p. 15 (La. 5/16/00), 769 So.2d 1158, 1167.

The maximum sentence Defendant could have received for the crime of sexual battery is "imprisonment, with or without hard labor, without benefit of parole, probation, or suspension of sentence, for not more than ten years." La.R.S. 14:43.1(C) as last modified by Acts 2003, No. 232, § 1. Thus, Defendant's seven-year hard labor sentence is an upper middle-range sentence under the law in effect at the time he committed his offense. Under the current law, Defendant would have been sentenced to a minimum of twenty-five years at hard labor because of the victim's age. La.R.S. 14:43.1(C)(2), as last modified by Acts 2006, No. 103, § 1.

In *State v. Badeaux*, 01-406, p. 2 (La.App. 5 Cir. 9/25/01), 798 So.2d 234, 236, *writ denied*, 01-2965 (La. 10/14/02), 827 So.2d 414, the fifth circuit examined a case wherein the sentencing court had imposed maximum sentences for both indecent behavior with juveniles and sexual battery even though Badeaux was

5

a first-time felony offender with mental problems. Badeaux, who regularly distributed sweets to the neighborhood children, had lured his fourteen-year-old victim into his home with the promise of candy. *Id*. Once the victim was inside, Badeaux removed all of his clothing except torn underpants, which revealed his penis. *Id.* Badeaux showed the victim nude pictures of himself and other people before, ultimately, inserting one of his fingers into the victim's vagina. *Id*.

In concluding that Badeaux's maximum sentences were not excessive, our colleagues on the fifth circuit reviewed a number of cases in conducting its analysis:

> Generally, maximum sentences are reserved for cases involving the most serious violations of the offense charged, and the worst type of offender. *State v. McCorkle*, 97-966 (La.App. 5th Cir.2/25/98), 708 So.2d 1212, 1218. However, the jurisprudence indicates that maximum, or nearly maximum terms of imprisonment may not be excessive when the defendant has exploited a position of trust to commit sexual battery or indecent behavior with a juvenile.

> In *State v. Hubb*, 97-304 (La.App. 5th Cir.9/30/97), 700 So.2d 1103, this Court held that eight-year sentences were not constitutionally excessive for two defendants who had pled guilty to sexual battery and lived in the home with the 10 and 11-year-old female victims and their mother. The record reflected that both defendants had "french" kissed both of the children on several occasions, that one defendant had exposed his genitals to both children and forced one of the children to fondle him. The record reflected that the other defendant attempted to make one of the children fondle him, and showed the other child photographs of nude women. *Id*. at 1104-1105. This Court noted that one of the defendants had no criminal history and the other had only misdemeanor offenses. Nevertheless, under these factual circumstances, the sentences imposed were not an abuse of the trial judge's discretion. *State v. Hubb*, 700 So.2d at 1106.

> Also, in *State v. Penn*, 633 So.2d 337 (La.App. 1st Cir.1993), the court held that the maximum terms of imprisonment for indecent behavior with a juvenile were not excessive. At the time of the offense, defendant was 40 years old and was the 12-year-old victim's teacher. Over a span of several months, the defendant kissed and fondled the victim in the classroom and ultimately engaged in oral sex with the victim. The *Penn* court observed that the circumstances of the case

6

distinguished it from the typical case of indecent behavior with a juvenile, since the defendant violated his position of trust as a teacher, and exploited that position to take advantage of the victim. *Id*. at 339-340.

Likewise, in *State v. Morgan*, 97-997 (La.App. 3rd Cir.2/4/98), 706 So.2d 1084, the court affirmed maximum terms of imprisonment for a defendant who pled guilty to two counts of sexual battery. These offenses arose out of the defendant's touching a 12-year-old girl's breasts and genitals while he supervised the child at his apartment. A similar incident occurred upon an 11-year-old child at defendant's apartment.

Finally, in *State v. Frith*, 30,555 (La.App. 2nd Cir.4/8/98), 711 So.2d 388, the court affirmed the maximum sentence for a defendant who molested "the seven-year-old son of a female acquaintance . . . by inserting his finger in the child's anus as the child slept." *Id*. at 390. Even with the maximum term of imprisonment and the denial of good time eligibility under R.S. 15:537, the court held that the sentence was not excessive in light of the conduct in the case. *Id*. at 390 and 392.

We find that in light of the facts of this case, the sentences imposed were not excessive and do not shock our sense of justice. Defendant established a relationship of trust with H.G. by giving her candy, then abused that relationship by molesting a vulnerable girl.

*Id.* at 239-40.

Likewise, in light of the facts of this case, the trial court's detailed findings of aggravating and mitigating factors, the tender age of the victim, and Defendant's abuse of his status as the victim's adopted father, the seven year sentence does not shock our sense of justice. Accordingly, we find that the trial court did not abuse its discretion in sentencing Defendant, and this assignment of error is without merit.

**CONCLUSION**

Defendant's sentence of seven years at hard labor without diminution of sentence for good behavior but with credit for time served is affirmed. However, the

7

trial court is instructed to amend its court minutes of the sentencing hearing to reflect that Defendant is not eligible for diminution of sentence pursuant to La.R.S. 15:537.

**AFFIRMED WITH INSTRUCTIONS.**

This opinion is NOT DESIGNATED FOR PUBLICATION, Uniform Rules—Courts of Appeal, Rule 2-16.3.