ROBERT M. MURPHY, Judge.
12Pefendant, William Anderson, appeals his May 25, 2012 sentences for two counts of sexual battery in violation of La. R.S. 14:43.1, one count of oral sexual battery in violation of La. R.S. 14:43.3, and one count of molestation of a juvenile in violation of La. R.S. 14:81.2, as excessive. For the reasons that follow, we find defendant’s assignments of error to be without merit and affirm his sentences.
FACTS AND PROCEDURAL HISTORY
This is defendant’s second appeal. On original appeal, we affirmed defendant’s convictions, but vacated his sentences and remanded for re-sentencing after finding that the trial court failed to observe the 24-hour delay mandated by La.C.Cr.P. art. 873. State v. Anderson, 10-779 (La.App. 5 Cir. 3/27/12), 91 So.3d 1080. Defendant filed the instant appeal after his re-sentencing. The pertinent facts as to defendant’s convictions are as follows.
I ¡¡On May 1, 2009, the Jefferson Parish District Attorney filed a bill of information charging defendant with two counts of sexual battery (counts one and two) in violation of La. R.S. 14:43.1; one count of oral sexual battery (count three) in violation of La. R.S. 14:43.3; and one count of molestation of a juvenile (count four) in violation of La. R.S. 14:81.2 against the victim, L.L.P. Defendant pled not guilty at arraignment. On. October 30, 2009, the State filed a “Notice of Intent to Introduce Evidence of Similar Crimes in Sex Offense Cases Pursuant to La. C.E. art. 412.2.” On January 25, 2010, the trial court granted the State’s motion, finding that the evidence introduced was indicative of defendant’s lustful *122 disposition toward children pursuant to La. C.E. art. 412.2.
The case proceeded to trial before a six-person jury on March 2, 2010. At the time of trial, L.L.P. was 29 years old. She testified that she knew defendant because he was her grammar school bus driver until she graduated in the eighth grade. In the spring of 1995, when L.L.P. was 14 years old and defendant was in his thirties, she began to have more regular interaction with defendant because he provided music for West Bank Mardi Gras parades, in which L.L.P. participated as a cheerleader. During this time, defendant and L.L.P. began talking over the telephone regularly about music.
After Mardi Gras ended, their phone conversations became more personal; the defendant began to ask about L.L.P.’s family. Eventually, the relationship progressed to defendant jiggling his keys as he walked by L.LJP.’s classroom; finding excuses to enter her classrooms to look at the A/C vents; and leaving notes in her locker. One day, defendant “got real close” to L.L.P. and told her that he wanted to give her a kiss, paused, and then handed her a Hershey’s Kiss. At that point, L.L.P. “realized that I was special and that something was going on.”
|4In May of 1995, L.L.P.’s parents allowed her to accompany defendant to a recording studio so she could play piano on a song defendant wrote. At the studio, defendant became emotional about the fact that L.L.P. would be graduating from grammar school shortly. Defendant did not bring L.L.P. directly home; rather he took her to his home to show L.L.P. his “band room” and his waterbed. While at his home, defendant told L.L.P. that he had fallen in love with her, and kissed her, L.L.P. described the kiss as a “kiss like in the movies” and “an adult kiss.”
During the drive home defendant told L.L.P. that they were going to be in “an adult relationship” that, if exposed, would result in his six-year-old daughter becoming homeless. L.L.P. thereafter began sneaking out of her house at night to spend time with defendant after her parents had fallen asleep. L.L.P. and defendant began watching R-rated movies together and fondling each other through clothing. L.L.P. testified that the movies gradually became more “X-rated” and the “make-out sessions would increase little bit by little bit.” L.L.P. further explained that the kissing and fondling progressed from “rubbing me with my clothes on” to “shirt off’ to “no bra” to “just panties.”
L.L.P. testified that she began having sex with defendant in the summer of 1995, when she was 14 years old and defendant was in his thirties. L.L.P. testified that she and defendant also engaged in oral sex on each other and that defendant penetrated her digitally. L.L.P. indicated that her relationship with defendant continued until just after she turned 16 years old.
L.L.P. admitted that she did not make a complaint to police about defendant until years later when she learned about defendant’s relationship with another 15-year old girl, S.A., during the year of 2007. L.L.P. testified the she “felt responsible for her.” Evidence of defendant’s relationship with S.A., which resulted in a conviction for indecent behavior with a juvenile in case number 08 — fL207,fi was also admitted at the trial involving L.L.P. This evidence was admitted pursuant to the trial court’s order granting the State’s notice of intent to introduce evidence of similar crimes indicating a lustful disposition towards children under La. C.E. art. 412.2.
D.A., S.A.’s mother, testified at the trial involving L.L.P. D.A. testified that she had previously lived next door to defendant and his family and that defendant had *123 been very close friends with S.A.’s father, who passed away on March 24, 2007. After her husband passed away, D.A. testified that she became concerned at the nature of the relationship defendant had with S.A. D.A. testified that “events evolved to the point where [she] believed that it was appropriate to seek a protective order” against defendant. On November 3, 2007, when S.A. was 16 years old, D.A. found defendant hiding in S.A.’s closet with a bag over his head. D.A. called the police and defendant was apprehended shortly thereafter.
S.A. also testified at defendant’s trial. She first met defendant when she was 15 years old. In the months before her father died, S.A. and defendant began talking frequently on the telephone. S.A. testified that on New Year’s Eve 2006, defendant kissed her on the lips, which she described as “more than a friendly kiss.” After her father passed away, the relationship between S.A. and defendant progressed to a point where they began talking more and started meeting at a Belle Chasse Panda King parking lot to kiss. S.A. described how she would enter defendant’s car and engage in french kissing.
At the conclusion of trial, defendant was found guilty as charged on all counts. Defendant filed a Motion for New Trial and Alternatively to Arrest the Judgment on March 23, 2010. On the same date, prior to sentencing, the trial court denied defendant’s post-verdict motions and ordered defendant to serve ten (10) years imprisonment at hard labor on count one, ten (10) years imprisonment at |6hard labor on count two, and fifteen (15) years at hard labor on counts three and four, with counts one, two, and three to be served without benefit of probation, parole, or suspension of sentence. The trial court further ordered that all sentences were to run consecutively to each other and consecutively with defendant’s seven-year sentence imposed in case number 08-1207, division “M” of the 24th Judicial District Court. Immediately after sentencing, defendant filed a Motion to Reconsider Sentence and a Motion for Appeal. The trial court denied defendant’s Motion to Reconsider Sentence, but granted his Motion for Appeal on the same day.
On his first appeal, defendant challenged his convictions and sentences, arguing that his convictions violated the principles of double jeopardy, that the trial court erred in denying his Motion to Quash, and that his sentences were illegal and excessive. On March 27, 2012, we affirmed defendant’s convictions but vacated his sentences after finding that the trial court had failed to observe the 24-hour delay mandated by La.C.Cr.P. art. 873. State v. Anderson, 10-779 (La.App. 5 Cir. 3/27/12), 91 So.3d 1080.
On remand, and prior to re-sentencing on May 25, 2012, defendant filed a pro se Motion for New Trial, Motion to Arrest Verdict Judgment, and a Motion for Post Verdict Judgment of Acquittal. With respect to the Motion for New Trial and Motion to Arrest Verdict Judgment, the trial court found that this Court previously upheld the denial of these motions, thus, rendering them “moot as duplicative.” The trial court then denied defendant’s Motion for Post Verdict Judgment of Acquittal, finding that this Court previously reviewed defendant’s case pursuant to the standard set forth in La.C.Cr.P. art. 821 and determined that the evidence supported the verdicts rendered by the jury.
|7After disposing of defendant’s pro se motions, the trial court re-sentenced defendant to ten (10) years in the Department of Corrections on counts one and two, and to fifteen (15) years at hard labor on counts three and four, to run consecu *124 tively to each other and consecutively with defendant’s seven-year sentence imposed in the 24th Judicial District Court case number 08-1207, division “M.” The trial court also ordered counts one, two, and three to be served without benefit of probation, parole, or suspension of sentence. The trial court denied defendant’s pro se Motion to Reconsider Sentence based on the excessiveness of the sentences imposed, and granted his Motion for Appeal. Defendant’s second appeal now follows.
ASSIGNMENTS OF ERROR
In his sole counseled assignment of error, defendant contends that the trial court erred in imposing an excessive sentence. In addition, defendant raises the following pro se assignments of error:
1. The evidence is insufficient to support his convictions on counts 1, 2 and 8 because the convictions were obtained through the victim’s perjured testimony and the evidence is insufficient to support his conviction on count 4 because the State failed to prove one element of the crime of molestation of a juvenile.
2. Defendant was denied due process as to count 4 due to the State’s failure to charge him with the correct element of the crime (“use of influence or by position of control”).
8. The trial court erred in permitting “other crimes” evidence pursuant to La. C.E. art. 412.2 because Article 412.2 did not exist at the time of the offenses for which he was convicted.
4. The trial court erred in denying his motion to arrest verdict judgment because the court’s application of the amended provision of La.C.Cr.P. art. 571.1 constituted a violation of ex post facto laws.
5. The trial court erred in imposing unconstitutionally illegal and excessive sentences.
|SLAW AND DISCUSSION

Pro Se Assignments of Error Numbers One, Two, Three and Four

In defendant’s pro se assignments of error numbers one, two, three and four, he raises several claims of alleged trial error. In defendant’s original appeal, we reviewed the sufficiency of the evidence in this ease and found that the evidence was more than sufficient to support defendant’s convictions. Anderson, supra at 1090. Thus, we affirmed defendant’s convictions, vacated defendant’s sentences for failure to observe the 24-hour delay mandated by La.C.Cr.P. art. 873, and remanded this case for re-sentencing only. Id. Any issues not raised in defendant’s original appeal, which could have been raised, are considered waived. State v. Anderson, 97-2587 (La.App. 4 Cir. 11/18/98), 728 So.2d 14, 18 (citing State v. Freeman, 565 So.2d 1084 (La.App. 4 Cir.1990)). Because we have previously affirmed defendant’s convictions in his original appeal, he may only challenge his re-sentencing in the instant appeal. Id.; State v. Martinez, 09-1057 (La.App. 5 Cir. 5/25/10), 40 So.3d 1113,-1115. The alleged trial errors in defendant’s pro se assignments of error numbers one, two and three could have, and should have, been raised in defendant’s original appeal. Accordingly, these issues are waived and not within our jurisdiction on appeal.
In his pro se assignment of error number four, defendant raises the same issue that he raised in his original appeal. Specifically, defendant alleges, for the second time, that the trial court’s application of the amended provision of La.C.Cr.P. art. 571.1 constituted a violation of ex post *125 facto laws. This issue was fully addressed and determined meritless in defendant’s first appeal because the legislature amended the time period of La.C.Cr.P. art. 571.1 before the prejamendment9 time period of that article expired with respect to defendant’s charged offenses. Anderson, supra at 1086-87 (citing State v. Ferrie, 243 La. 416, 144 So.2d 380 (1962), abrogated on other grounds by State ex rel. Olivieri v. State, 2000-0172 (La.2/21/01) 779 So.2d 735). Reconsideration of a prior ruling is warranted when, in light of a subsequent trial record, it is apparent that the determination was patently erroneous and produced unjust results. State v. Jacobs, 04-1219, p. 7 (La.App. 5 Cir. 5/31/05), 904 So.2d 82, 88, writ denied, 05-2072 (La.4/28/06), 927 So.2d 282, cert. denied, 549 U.S. 956, 127 S.Ct. 385, 166 L.Ed.2d 276 (2006). Defendant has failed to present any new arguments, jurisprudence, or evidence to warrant reconsideration of the same issue or to suggest that our prior determination was patently erroneous or produced unjust results. Therefore, we decline to reconsider our prior ruling regarding this issue in defendant’s second appeal.
Accordingly, we find no merit in defendant’s pro se assignments of error numbers one, two, three and four.

Counseled Assignment of Error Number One and Pro Se Assignment of Error Number Five

In his sole counseled assignment of error, defendant challenges his sentences as being unconstitutionally excessive. Defendant contends that as a first-time offender, maximum sentences are not justified. Defendant further submits that he does not qualify as the worst type of offender and that the facts of this case are not among the most egregious to justify the imposition of maximum terms of imprisonment.
In his fifth pro se assignment of error, defendant argues that he received an illeT gaily excessive 15-year sentence on count four (molestation of a juvenile) because the State failed to establish that he had “control or supervision” over the juvenile. Defendant also contends that he is a first-time offender and not a “serial |10sexual offender” as found by the trial court, thus making the imposition of the maximum terms of imprisonment unconstitutionally excessive. Defendant further states that his sentences were not based on the instant convictions. Rather, defendant claims that he was punished for the alleged crime he committed against an unrelated juvenile whose testimony was permitted into evidence at his trial under La. C.E. art. 412.2. Defendant concludes that his sentence is grossly disproportionate to similar cases.

Illegal Sentence:

Defendant contends that the trial court imposed an illegally excessive 15-year sentence on the molestation of a juvenile conviction because the State did not prove he had “control or supervision” over L.L.P. The maximum sentence for a molestation of a juvenile conviction that does not involve “control or supervision” over the juvenile is 10 years; however, the statute provides for an increased penalty of imprisonment of not less than five (5) nor more than twenty (20) when the molestation was committed by an offender who had “control or supervision” over the juvenile. La. R.S. 14:81.2(C).
Although he alleges that his sentence is illegal, it appears that defendant is alleging that the evidence presented was, at best, sufficient to convict him of a charge of molestation that does not involve control or supervision over a juvenile. Thus, defendant again raises a sufficiency question that we have previously addressed in his original appeal, without pre *126 senting any new arguments or evidence warranting reconsideration of this issue. Because we have already determined on defendant’s original appeal that the State demonstrated that defendant had “control or supervision” over the victim, we will not reconsider our prior ruling. See Anderson, supra at 1086.

Excessive Sentence:

InDefendant contends that as a first-time offender, under the circumstances of this case, his sentences are unconstitutionally excessive. Defendant received the maximum available sentences on all counts. Specifically, on his two counts of sexual battery, defendant received two 10-year sentences; on his count of oral sexual battery, defendant received a 15-year sentence; and on his count of molestation of a juvenile, defendant received a 15-year sentence. See La. R.S. 14:43.1; 14:43.3; and 14:81.2. The trial court ordered these sentences to run consecutively for a total term of imprisonment of 50 years. The trial court also ordered these sentences to run consecutively with his 7-year sentence imposed in another case for his conviction of indecent behavior with a juvenile.
A sentence is unconstitutionally excessive, even if it is within the statutory limits, if it is grossly disproportionate to the severity of the offense or is nothing more than the needless and purposeless imposition of pain and suffering. State v. Wickem, 99-1261 (La.App. 5 Cir. 4/12/00), 759 So.2d 961, 968, writ denied, 00-1371 (La.2/16/01), 785 So.2d 839. La.C.Cr.P. art. 894.1(C) requires the trial judge to state for the record the considerations taken into account and the factual basis when imposing the sentence. However, when there is an adequate factual basis for the sentence contained in the record, the trial court’s failure to articulate every circumstance listed in La.C.Cr.P. art. 894.1 does not require a remand for resentencing. State v. Sanders, 98-855 (La.App. 5 Cir. 5/19/99), 734 So.2d 1276, 1279, writ denied, 99-1980 (La.1/7/00), 752 So.2d 175.
In reviewing a sentence for ex-cessiveness, this Court must consider the punishment and the crime in light of the harm to society and gauge whether the penalty is so disproportionate as to shock our sense of justice, recognizing at the same time the wide discretion afforded the trial judge in determining and imposing sentences. State v. Brown, 99-172 (La.App. 5 Cir. 9/28/99), 742 So.2d 1051, 1056, writ denied, 99-3148 (La.4/20/00), 760 So.2d 340. The trial judge is afforded wide discretion in determining a sentence, and the court of appeal will not set aside a sentence for excessiveness if the record supports the sentence imposed. State v. McCorkle, 97-966 (La.App. 5 Cir. 2/25/98), 708 So.2d 1212, 1219. Accordingly, the issue on appeal is whether the trial court abused its discretion, not whether another sentence might have been more appropriate. State v. Watts, 99-311 (La.App. 5 Cir. 8/31/99), 746 So.2d 58, 64, writ denied, 99-2733 (La.3/24/00), 758 So.2d 145. In reviewing a trial court’s sentencing discretion, three factors are considered: 1) the nature of the crime; 2) the nature and background of the offender; and 3) the sentence imposed for similar crimes by the same court and other courts. State v. Pearson, 07-332 (La.App. 5 Cir. 12/27/07), 975 So.2d 646, 656.
The jurisprudence indicates that maximum terms of imprisonment are not excessive when the defendant has exploited a position of trust to commit sexual battery or indecent behavior with a juvenile. In similar cases, criminal defendants have also received lengthy prison sentences. For instance, in State v. Thibodeaux, 2005-1187 (La.App. 3 Cir. 3/1/06), 924 So.2d 1205, writ denied, 2006-0700 *127 (La.10/6/06), 938 So.2d 65, the defendant pleaded guilty to three counts of molestation of a juvenile, and was sentenced to three consecutive 10-year terms. On appeal, the court found no abuse of discretion. The Third Circuit noted that even though defendant was a first felony offender at the time of arrest, one victim related abuse over a five-year period and the other two victims were subjected to molestation over a six-month period. Thus, the court found that the defendant’s acts reflected a propensity to prey on those unable to protect themselves and that the case represented one of the worst crimes, particularly given defendant’s supervisory familial relationship to the victims. Id. at 1214.
In State v. Hubb, 97-304 (La.App. 5 Cir. 9/30/97), 700 So.2d 1103, we held that eight-year sentences were not unconstitutionally excessive for two defendants who had pled guilty to sexual battery and lived in the home with the 10- and 11-year-old female victims and their mother. The record reflected that both defendants had “french” kissed both of the children on several occasions, that one defendant had exposed his genitals to both children and forced one of the children to fondle him. The record reflected that the other defendant attempted to make one of the children fondle him, and showed the other child photographs of nude women. Id. at 1104-05. We noted that one of the defendants had no criminal history and the other had only misdemeanor offenses. Nevertheless, under these factual circumstances, we found that the sentences imposed were not an abuse of the trial judge’s discretion. Id. at 1106. See also State v. Penn, 633 So.2d 337 (La.App. 1 Cir.1993), (holding that the maximum terms of imprisonment for indecent behavior with a juvenile were not excessive.), State v. Morgan, 97-997 (La.App. 3 Cir. 2/4/98), 706 So.2d 1084, (affirming maximum terms of imprisonment for a defendant who pled guilty to two counts of sexual battery.), State v. Curtis, 2008-99 (La.App. 3 Cir. 6/5/08), 987 So.2d 294, (holding that a 25 year sentence furthers the deterrence of sexual predators and the protection of society, and is not simply a needless imposition of pain and suffering), and State v. Dykes, 38,092 (La.App. 2 Cir. 3/3/04), 867 So.2d 908, writ denied, 04-847 (La.9/24/04), 882 So.2d 1169, (affirming the maximum sentences of ten years at hard labor on each of three counts of sexual battery of a juvenile, even though the defendant was sixty-four years old and suffered from a disabling medical condition.)
In the present case, we find that the trial court did not abuse its broad discretion in imposing the maximum sentences on defendant’s convictions. With respect to the nature of defendant’s crimes, defendant used his position of | Utrust and authority to gain emotional control and establish his relationship with the victim, L.L.P. He began his contact with L.L.P. as her school bus driver when she was in second grade. He continued to build their relationship until L.L.P. was 14 years old, at which time defendant committed heinous crimes which involved the use of an innocent child to satisfy the sexual desires of an adult. Defendant proceeded in a sexual relationship with L.L.P., which increased in intimacy to the point where defendant was having frequent intercourse with L.L.P. for over one year. After considering the nature of defendant’s crimes, we cannot say that the trial court abused its sentencing discretion in imposing the maximum sentences.
Additionally, defendant’s nature and background also support the trial court’s exercise of its sentencing discretion in this case. While defendant claims to be a first-time felony offender, in fact he was con *128 victed of indecent behavior with a juvenile involving S.A. in 2008 and was sentenced to 7 years imprisonment at.hard labor in Division “M” of the 24th Judicial District Court.
Although the trial judge failed to articulate reasons for the sentences imposed at defendant’s May 25, 2012 re-sentencing, the trial judge gave extensive reasons at defendant’s original sentencing. The record shows that the trial court listened to L.L.P.’s victim impact statement at defendant’s original sentencing and carefully considered all of the facts, evidence, and the sentencing guidelines prior to imposing maximum sentences. The trial judge found that defendant’s actions reflect a propensity to prey upon those who cannot protect themselves. Specifically, the trial court noted that defendant had met L.L.P. in his capacity as a bus driver when she was very young and when “she came of age in [his] mind [he began] grooming her.” The trial court referred to defendant as a “serial sexual predator” and opined that defendant “used a tailored methodology to groom [his] | ^victims.” As a result, the trial court concluded that defendant posed an unusual risk to public safety.
Accordingly, we find that the evidence supports defendant’s maximum sentences on all charges were justified in this case. Therefore, defendant’s counseled assignment of error number one and his pro se assignment of error number five are without merit.

Errors Patent Discussion

The record was reviewed for errors patent, according to La.C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); and State v. Weiland, 556 So.2d 175 (La.App. 5 Cir.1990). No errors requiring corrective action were found.
CONCLUSION
For the foregoing reasons, we affirm defendant’s sentences for two counts of sexual battery, one count of oral sexual battery and one count of molestation of a juvenile.
AFFIRMED